VIOLET UOSIKKINEN, an Infant, by AINA UOSIKKINEN, Her Guardian ad Litem, Respondent, *v.* JAMES N. SLEE, Appellant, Impleaded with MARY WEST SLEE, Defendant.

Second Department, October 30, 1925.

Motor vehicles — action for injuries suffered by plaintiff — questions of negligence and contributory negligence and whether chauffeur was employed by defendant, or his mother, for jury — verdict for plaintiff sustained by evidence.

It was not error for the court to submit to the jury the question of negligence of the defendant and contributory negligence of the plaintiff, in this action to recover damages for injuries suffered by the plaintiff, who was struck by the defendant's automobile, since the evidence clearly presented those questions of fact. The questions, whether or not the automobile belonged to the defendant or to his mother and whether the chauffeur was employed by the defendant or his mother, were properly submitted to the jury, and the verdict in favor of the plaintiff on all the questions submitted is sustained by the evidence.

APPEAL by the defendant, James N. Slee, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 12th day of December, 1924, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 11th day of December, 1924, denying said defendant's motion for a new trial made upon the minutes.

*Arthur K. Wing* [*James G. Purdy* with him on the brief], for the appellant.

*Cleland R. Neal* [*Chester T. Krouse* and *James N. MacLean* with him on the brief], for the respondent.

KELLY, P. J.:

I think the evidence, including that of the chauffeur called by defendant and the photographs of the scene of the accident, presented a clear question of fact as to the negligence of the driver of the automobile which struck the infant plaintiff, and that their verdict is sustained by the evidence. The question of contributory negligence was also properly submitted to the jury in a charge to which no exception was taken in this particular. The other question raised by the appellant relates to his responsibility for the negligence of the chauffeur. He argues that at the time of the accident the chauffeur was the servant of his, defendant's mother, who was riding in the car in charge of a trained nurse. Defendant's mother, who lived with defendant, was mentally affected and required the constant care of a nurse. The automobile had been purchased by defendant, the license was in his name, he hired and paid the chauffeur. So far as appears by the evidence the invalid mother, since deceased, had nothing to do with the matter, or with the outing, nor did she exercise any control over the chauffeur. The defendant claimed that in thus caring for his afflicted mother he was acting for her, or for his father, from whom she was separated. On the evidence I think this was also a question for the jury and I see no reason for disturbing their verdict.

The judgment and order denying a new trial should be affirmed, with costs.

Present — KELLY, P. J., RICH, MANNING, YOUNG and KAPPER, JJ.

Judgment and order denying motion for new trial unanimously affirmed, with costs.